## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSEPH M. KONCILIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SOUTHWEST POWER POOL, INC., | ) | |
| KANSAS POWER POOL, | ) | |
| GRIDLIANCE HIGH PLAINS, LLC, | ) | |
| CITY OF WINFIELD, KANSAS, and | ) | |
| KYLE GILLETT | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 and D. Kan. Local Rule 81.1, defendant Southwest Power Pool, Inc. ("SPP") hereby removes this matter from the District Court of Sedgwick County, Kansas to the United States District Court for the District of Kansas.  In support of this Notice of Removal, SPP alleges and states as follows:

1.      On or about January 14, 2022, plaintiff Joseph Koncilia ("Koncilia") filed a Petition in the District Court of Sedgwick County, Kansas, commencing an action entitled *Joseph M. Koncilia v. Southwest Power Pool, Inc. et al.*, Case No. 2022-CV-000070-TO (the "Action").  A true and correct copy of the Action is attached hereto as Exhibit A.

**Nature of the Case**

2.      Koncilia alleges that he was electrocuted and injured while working on a substation transformer at the Strother Sub-Station in Winfield, Kansas.  He alleges that the substation is owned by the City of Winfield and the other defendants, including SPP, as part of an alleged joint

venture.  Koncilia asserts claims against all of the defendants for negligence (Count I) and premises liability (count II).  He seeks damages in excess of $75,000.00.

## Notice of Removal is Timely

3.     The Action was initially commenced in the Sedgwick County District Court on January 14, 2022 when Koncilia filed his Petition.

4.     SPP was served with a Summons and the Petition on January 31, 2022.

5.     Thirty days have not expired since the receipt by SPP "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).

6.     This Notice of Removal is brought within "1 year after commencement of the action …."  28 U.S.C. § 1446(c).

## SPP is a Regional Transmission Organization that Operates Under Extensive Regulatory Oversight of the Federal Energy Regulatory Commission

7.     SPP is a not-for-profit corporation and regional transmission organization ("RTO") mandated by the Federal Energy Regulatory Commission ("FERC") to coordinate a competitive wholesale marketplace and flow of electricity in 17 central and western U.S. states on the interstate transmission grid owned and operated by local electric utilities.  *See* Exhibit A, Declaration of Paul Suskie at ¶ 2.

8.     The Federal Power Act applies "to the transmission of electric energy in interstate commerce and to the sale of electric energy at wholesale in interstate commerce."  16 U.S.C. § 824(b)(1).  It grants to FERC "jurisdiction over all facilities for such transmission or sale of electric energy."  *Id.*  FERC has exclusive jurisdiction to determine whether "rates and charges made, demanded, or received … for or in connection with the transmission or sale" of electricity are just and reasonable.  16 U.S.C. § 824d(a) – (b).  That jurisdiction extends to "'the classifications,

2

practices, and regulations affecting such rates and charges, together with all contracts which in any manner affect or relate to such charges, classifications, and services,'" all of which must be set forth in tariffs filed with FERC.   *City of Chanute v. Kan. Gas & Elec. Co.*, Case No. 06-4096-JAR-JPO, 2007 U.S. Dist. LEXIS 25700, *10 (D. Kan. Apr. 4, 2007) (quoting 16 U.S.C. § 824d(c)).

9.      The legality of a tariff is not conditioned upon FERC's approval, but it becomes law absent a timely challenge.  *See Montana-Dakota Util. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 255-56, 71 S. Ct. 692, 95 L. Ed. 912 (1951)).  Tariffs "'carry the force of federal law,' in the same sense as ordinary federal regulations."   *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 2022 U.S. App. LEXIS 1582, *4 (4th Cir. 2022) (quoting *Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 429 (4th Cir. 2004)).  *See also, e.g., Delaware & Hudson Ry. v. Offset Paperback Mfrs.*, 126 F.3d 426, 427 (2d Cir. 1997) ("tariffs have the force and effect of a federal statute"); *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839, *amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004) ("the tariffs here directly implicate the federal regulatory regime"); *Bernstein Bros. Pipe & Machinery Co. v. Denver & R. G. W. R. Co.*, 193 F.2d 441, 444 (10th Cir. 1951) ("[e]very question of the construction of an interstate tariff is a question of federal law"); *New York State Elec. & Gas Corp. v. New York Indep. Sys. Operator*, 2001 U.S. Dist. LEXIS 27071, *20 (N.Y. N.D. Jan. 18, 2001) ("Since filed tariffs assume the force and effect of federal statutes, the adjudication of plaintiff's claims will require interpretation of federal law and provide a basis for federal question jurisdiction.").

**Federal Question Jurisdiction is Proper Pursuant to 28 U.S.C. § 1331**

10.     Removal is proper because this Action "aris[es] under the … laws … of the United States," specifically the Federal Power Act and SPP's Membership Agreement .  28 U.S.C. § 1331.

11.     Federal courts have "exclusive jurisdiction of violations of [the Federal Power Act] or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of [the Federal Power Act] or any rule, regulation or order thereunder."  16 U.S.C. § 825p.

12.     The only claims the plaintiff has asserted in this case are for negligence and premises liability.  Both claims require establishment of a duty by SPP toward plaintiff.  *See Reardon v. King*, 310 Kan. 897, 903, 452 P.3d 849 (2019) (establishing a claim for negligence requires proof that the defendant owed a duty to the plaintiff and breached that duty); *South v. McCarter*, 280 Kan. 85, 95-96, 119 P.3d 1 (2005) (holding that a claim for premises liability requires a special relationship giving rise to a duty by the defendant toward the plaintiff).

13.     However, there is no allegation in the Petition that SPP exercised any direct or physical control over the transmission grid.  *See* <u>Exhibit B</u>, Petition.  There is no allegation that SPP owns the grid or any of the transmission facilities, including the substation at issue.  *Id.*  Nor is there any allegation that SPP supervised the construction, maintenance or repair of the substation at issue.  *Id.*

14.     Based on the allegations in the Petition, the plaintiff's claims against SPP appear to be predicated entirely on his allegation that the substation was collectively owned by the defendants as part of an alleged joint venture.  That will require this Court to interpret and construe the FERC approved Membership Agreement that governs the relationship between SPP and its

members, including as to the substation in question.  *See* <u>Exhibit C</u>, Southwest Power Pool, Inc. – Membership Agreement, First Revised Vol. No. 3.[1]

15.     There is no allegation in the Petition that SPP, independent of the other defendants, owed any duty to the plaintiff.  Indeed, the Membership Agreement, which is part of SPP's tariff and has the force and effect of federal law, expressly provides that the "Transmission Owner shall operate and maintain its Tariff Facilities."  *See* Ex. C, Management Agreement at §§ 3.0(b) and 3.2.  The tariff further provides that "[n]either the Transmission Owner nor the Transmission Provider [SPP] shall be liable for damages arising out of services provided under this Tariff … occurring as a result of conditions or circumstances beyond the control of the Transmission Owner or Transmission Provider …."  *See* <u>Exhibit D</u>, Section 10.4 of SPP's tariff.  Because SPP had no control over the substation in question or the plaintiff's work, it cannot, according to the plain terms of the tariff, be held liable for the plaintiff's damages.  *See* Ex. A, Suskie Decl. at ¶¶ 5-9.  The plaintiff nevertheless alleges that SPP is liable because of an alleged joint venture with the other defendants.  The Court will therefore have to interpret and construe the FERC approved tariff and Membership Agreement to determine if it gives rise to a joint venture or otherwise gives rise to a duty by SPP to the plaintiff.

**Jurisdiction Based on Diversity of Citizenship is also Proper Pursuant to 28 U.S.C. § 1332**

16.     Diversity exists in an action between "citizens of different States."  28 U.S.C. § 1332(a)(1).  A corporation is a citizen of the state of its corporation and of the state where it has principal places of business.  28 U.S.C. § 1332(c).

17.     Plaintiff is a citizen of Missouri.

---

[1] SPP's tariff is more than 6,500 pages long, so attached is the applicable Membership Agreement. The entirety of the tariff can be found at https://spp.etariff.biz:8443/viewer/viewer.aspx.

18.     Defendant SPP is an Arkansas corporation and its principal place of business is in Arkansas.

19.     Defendant Kansas Power Pool is municipal energy agency located in Kansas, and its members are municipalities throughout Kansas, including, Attica, Augusta, Burlington, Clay Center PUC, Ellinwood, Erie, Glasco, Greensburg, Haven, Hillsboro, Holyrood, Kingman, Lucas, Luray, Marion, Minneapolis, Mount Hope, Mulvane, Oxford, St. Mary's, Udall, Waterville, Wellington, and Winfield.

20.     Defendant GridLiance High Plains, LLC ("Gridliance") is a Delaware limited liability company.  An LLC is a citizen of any state where its members are citizens.  *Provence v. Nat'l Carriers, Inc.*, Case No. 10-2239-KHV, 2010 U.S. Dist. LEXIS 83123, *2 (D. Kan. Aug. 16, 2010).  Upon information and belief, there are no members in GridLiance who are citizens of Missouri.

21.     Defendant City of Winfield is a municipality in Kansas.

22.     Defendant Kyle Gillett is a citizen of Kansas.

23.     District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs …."  28 U.S.C. § 1332(a).

24.     A defendant may rely on the estimate of potential damages from the allegations in the complaint.  *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

25.     Plaintiff is seeking in excess of $75,000.00 in damages on each of its two claims asserted in this Action.

26.    Because the plaintiff's Petition seeks damages in excess of $75,000, the preponderance of the evidence necessary under federal law to establish the jurisdictional requirement of 28 U.S.C. § 1332(a) has been satisfied.

27.    While this matter is not removable solely based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(2) because one or more of the defendants are citizens of Kansas, this Court may nevertheless exercise diversity jurisdiction in the event that a determination is made that this Court lacks federal question jurisdiction.  Based on the above facts and supporting law, the requirements of complete diversity of citizenship pursuant to 28 U.S.C. § 1332 is met.

### Consent of Defendants

28.    The other defendants have consented to the removal of this Action to federal court. *See* Exhibit E, Consents to Removal.

### SPP has Complied with 28 U.S.C. § 1446

29.    Pursuant to 28 U.S.C. § 1446(a), SPP attaches as Exhibit F to this Notice of Removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

30.    Promptly after filing this Notice of Removal, SPP will file a copy of this Notice of Removal with the Sedgwick County District Court and provide notice of the same to the parties.

WHEREFORE, the above-entitled action is hereby removed to the United States District Court for the District of Kansas from the Eighteenth Judicial District of Sedgwick County, Kansas.

### [SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

 /s/ Ryan M. Peck
Ryan M. Peck, #21223
Will B. Wohlford, #21773
MORRIS, LAING, EVANS, BROCK
  & KENNEDY, CHARTERED
300 N. Mead, Suite 200
Wichita, KS 67202
(316) 262-2671
rpeck@morrislaing.com
wwohlford@morrislaing.com
*Attorneys for Defendant Southwest Power Pool, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2022 a true and correct copy of the above

and foregoing was on the undersigned counsel via the CM/ECF system and via e-mail:

James T. Thompson
Elizabeth L. VanErem
Edelman and Thompson, LLC
3100 Broadway, Suite 1400
Kansas City, MO 64111
jthompson@etkclaw.com
evanerem@etkclaw.com

Scott E. Sanders
McDonald Tinker, PA
300 W. Douglas Ave., Suite 500
Wichita, KS 67202
ssanders@mcdonaldtinker.com

Paul F. Gordon
Jacob D. Bielenberg
Baty Otto Coronado Scheer, PC
4435 Main St., Suite 1100
Kansas City, MO 64111
pgordon@batyotto.com
jbielenberg@batyotto.com

Kevin D. Weakley
Kathryn M. O'Shea
Wallace Saunders
10111 W. 87th Street
Overland Park, KS 66212
kweakley@wallacesaunders.com
koshea@wallacesaunders.com

 /s/ Ryan M. Peck
Ryan M. Peck

8