ELECTRONICALLY FILED
2022 Jan 14 PM 4:37
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2022-CV-000070-TO

IN THE 18TH JUDICIAL DISTRICT COURT OF KANSAS
SEDGWICK COUNTY KANSAS

| | |
|---|---|
| JOSEPH M. KONCILIA<br>109 S. Lee Street<br>Leeton, MO 64761<br><br>    Plaintiff,<br><br>        vs.<br><br>SOUTHWEST POWER POOL, INC.<br>Serve: The Corporation Company, Inc.<br>    112 SW 7th Street - Suite 3C<br>    Topeka, Kansas 66603<br><br>KANSAS POWER POOL<br>Serve: Mark Chesney<br>    CEO/General Manager<br>    100 N Broadway, Suite L110<br>    Wichita, Kansas, 67202<br><br>GRIDLIANCE HIGH PLAINS LLC<br>Serve: Corporation Service Company<br>    2900 Wannamaker Drive – Suite 204<br>    Topeka, Kansas 66614<br><br>CITY OF WINFIELD KANSAS<br>Serve: Brenda Peters, City Clerk<br>    200 E. 9th Street<br>    Winfield, Kansas, 67256<br><br>KYLE GILLETT<br>Serve: 12457 82nd Road<br>    Winfield, Kansas 67156<br><br>    Defendants. | Case No. |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, JOSEPH M. KONCILIA, by and through his undersigned counsel of record and, for his Petition for Damages against Defendants SOUTHWEST POWER POOL,



KANSAS POWER POOL, GRIDLIANCE HIGH PLAINS LLC, CITY OF WINFIELD KANSAS L.L.C., and KYLE GILLETT, sets forth states and avers as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Parties

1. That Plaintiff, JOSEPH M. KONCILIA (hereinafter referred to as Plaintiff "KONCILIA"), is an individual residing at 109 South Lee Street, Leeton, Missouri 64761.

2. That at all times relevant herein Plaintiff, JOSEPH M. KONCILIA, was and remains lawfully married to his wife Jessica Koncilia.

3. That Defendant, SOUTHWEST POWER POOL, INC. (hereinafter referred to as Defendant "SOUTHWEST POWER POOL"), is an Arkansas non-profit corporation with its principal place of business in Little Rock, Arkansas, which is a Regional Transmission Organization (RTO) registered to do business in the State of Kansas with a duly authorized agent for service of process within the State of Kansas. Defendant SOUTHWEST POWER POOL can be served at: The Corporation Company, Inc., 112 South 7th Street, Suite 3C, Topeka, Kansas 66603.

4. That pursuant to agreements and/or joint venture arrangements, Defendant SOUTHWEST POWER POOL, had and maintained functional operational control, or joint right of control, over the transmission facilities of the City of Winfield, including, but not limited to, the Strother Sub-Station.

5. That Defendant, KANSAS POWER POOL (hereinafter referred to as Defendant "KANSAS POWER POOL") is a municipal energy agency formed in 2005. In 2011, the City of Winfield transferred functional control of the Winfield power generation facilities to Defendant KANSAS POWER POOL.

6. That Defendant, KANSAS POWER POOL's principal place of business is 100 N Broadway, Suite L110 Wichita Kansas, in the County of Sedgwick.

7. That Defendant, KANSAS POWER POOL, may be served through its CEO/General Manager, Mark Chesney, at 100 N Broadway, Suite L110, Wichita, Kansas 67202.

8. That despite being nominally designated as a "municipal energy agency" Defendant KANSAS POWER POOL, pursuant to K.S.A. 12-885, is not subject to the provisions of K.S.A. 12-105b. Specifically, K.S.A. 12-885 provides: "Any municipal energy agency created under the provisions of this act shall be quasi-municipal corporation, except that nothing herein shall be construed as relieving any municipal energy agency created under the provisions of this act from liability for tortious acts.".

9. That in 2011, Defendant KANSAS POWER POOL transferred functional control of the City of Winfield power generation facilities to Defendant SOUTHWEST POWER POOL including, but not limited to, the Strother Sub-station, however, Defendant KANSAS POWER POOL maintains involvement as a party to the Joint Venture Defendants.

10. That Defendant GRIDLIANCE HIGH PLAINS, LLC (hereinafter referred to as Defendant "GRIDLIANCE") is a foreign limited liability company organized under the laws of the State of Delaware, with its principal place of business at 700 Universe Blvd., Juno Beach, Florida 33408, active and in good standing in the State of Kansas and may be served through its registered agent: Corporation Service Company, 2900 SW Wanamaker Drive, Topeka, KS 66614.

11. That Defendant GRIDLIANCE has purchased a 65% interest in the electric utility assets and liabilities of the Defendant CITY OF WINFIELD and as such is also responsible for the liability of the City for the management and condition of such assets including, but not limited to,

the liability accruing to the Defendant CITY OF WINFIELD as a result of the injuries sustained by Plaintiff KONCILIA.

12. That Defendant CITY OF WINFIELD, KANSAS (hereinafter referred to as Defendant "CITY OF WINFIELD") is a municipality organized and existing under the laws of the State of Kansas and may be served through the City Clerk, Brenda Peters at 200 E. 9th Street, Winfield, Kansas 67256.

13. That at all times relevant herein Defendants were engaged in a joint venture in that they entered into an agreement for the common purpose of generation and transmission of electrical power for a profit and has a common interest and had a common interest in all things necessary to accomplish such goals, and pursuant to agreements both explicit and implied, had a common right of control over the injury causing instrumentalities at issue in this case.

14. That Defendant KYLE GILLETT (hereinafter referred to as Defendant "GILLETT") is an individual and resident of the State of Kansas residing at and may be served at 12457 82nd Road, Winfield, Kansas, 67156 who was at all relevant times was acting in the course and scope of his employment with Defendant CITY OF WINFIELD and its Joint Venture Defendants.

15. That pursuant to instructions, policies, procedures and directives, Defendant GILLETT had a ministerial obligation to de-energize the equipment at issue but failed to do so.

### Kansas Tort Claims Act

16. That Plaintiff KONCILIA contests the applicability of K.S.A. 12-105b to the facts and circumstances at issue.

17. That the actions and activities of Defendants, including Defendant CITY OF WINFIELD, were done as a joint venture between governmental and non-governmental entities

for profit and financial gain such that the activities, to wit: the generation and transmission of electricity, were non-governmental in nature and for economic profit and gain.

18. That Plaintiff KONICLIA has, prior to the instant filing, provided to Defendant CITY OF WINFIELD notice and demand of his claims pursuant to K.S.A. 12-105b by letter dated August 27, 2021.

19. That more than 120 days has elapsed since said demand was served upon Defendant CITY OF WINFIELD.

20. That Defendant CITY OF WINFIELD has failed to answer or respond to said notice and demand.

### The Electrocution of Plaintiff Joseph M. Koncilia

21. That on or about March 23, 2020, Plaintiff KONCILIA was in the employ of Electrical Reliability Services, Inc., d/b/a VERTIV, performing work on a substation transformer at the Strother Sub-Station of Defendant CITY OF WINFIELD and the Joint Venture Defendants.

22. That prior to performing any work on said transmission equipment, Plaintiff KONCILIA took all reasonable steps to determine and ascertain the condition of equipment and specifically whether it was energized. To that end, Plaintiff KONCILIA had specific discussions with Defendant CITY OF WINFIELD's employee Defendant GILLETT.

23. That pursuant to past custom, practice, clearly defined mandatory duty, guidelines, as well as, policy and procedure, Defendant GILLETT was supposed to "open" the transmission lines to ensure that the breaker on which Plaintiff KONCILIA was to work was de-energized.

24. That with respect to the condition of the breaker at issue, Defendant GILLETT made affirmative representations that the system was de-engerized and safe to work on, when in fact Defendant GILLETT had failed to "open" necessary switches, unbeknownst to Plaintiff

KONCILIA, thereby leaving the equipment in a dangerous and defective condition.

25. That Plaintiff KONCILIA was lawfully upon Defendant CITY OF WINFIELD's property and was in fact a business invitee of said Defendant CITY OF WINFIELD at the time of his electrocution.

26. That Defendant CITY OF WINFIELD's property was in a defective and unreasonably dangerous condition when Plaintiff KONCILIA entered thereupon.

## Venue and Jurisdiction

27. That venue in this cause is proper pursuant K.S.A. 60-608 in that Plaintiff KONCILIA has a substantial claim against Defendant KANSAS POWER POOL and said Defendant's residence is within Sedgwick County.

28. That the exercise of personal jurisdiction against Defendants does not violate fundamental fairness and dictates the Due Process Clause of the United States Constitution in that Defendants committed tortuous acts within the State of Kansas, such that the exercise of personal jurisdiction comports with K.S.A. 60-308 and the Kansas and United States Constitution.

## COUNT I

### NEGLIGENCE OF ALL DEFENDANTS
### (DIRECT AND *RESPONDEANT SUPERIOR*)

COMES NOW Plaintiff, JOSEPH M. KONCILIA, by and through the undersigned counsel of record, and incorporates by reference as though fully set forth herein paragraphs 1 through 28 above, and further sets forth, states and avers as follows:

29. That at the time of the above-referenced accident, Defendant GILLETT was acting in the course and scope of his employment with Defendants.

30. That other employees of Defendants, at this time the identity of whom are unknown, also failed to properly monitor the system and warn Plaintiff KONCILIA of the dangerous conditions existing despite actual knowledge of Plaintiff KONCILIA's presence on the premises.

31. That at the time of the above-referenced accident, Defendant GILLETT and the Joint Venture Defendants were negligent in the inspection, preparation, and actions taken to make the premises safe for Plaintiff KONCILIA and other business invitees, by:

    (a) Failing to open the circuits and de-engerize the system;

    (b) Failing to warn Plaintiff KONCILIA of the dangerous condition posed by the energized system;

    (c) Failing to properly inspect the system to insure it was de-energized;

    (d) Failing to accurately convey the condition of the system status to Plaintiff KONCILIA and in misrepresenting the status of the circuits as "open";

    (e) Failing to implement and/or follow a proper switching order;

    (f) Failing to communicate properly with dispatch control center to de-energize the substation;

    (g) Failing to supervise the project;

    (h) Failing to place the proper warning or lockout tags for clearance; and

    (i) Failing to monitor and/or stop the project when high voltage was still energized.

32. That as a direct, foreseeable, and proximate result of the aforementioned negligence of the Joint Venture Defendants and Defendant GILLETT, while acting in the course and scope of his employment with Defendants, Plaintiff KONCILIA suffered a severe electric high voltage shock causing significant permanent and progressive injuries, including loss of enjoyment of life, pain, trauma, emotional distress, disfigurement, impairment, and economic damages.

33. That as a direct and proximate result of the aforementioned negligence, Plaintiff KONCILIA has been caused to incur past medical expenses, past lost wages and will, to a reasonable degree of medical certainty, require additional medical care and treatment in the future as well as suffer future economic loss.

34. That as a direct and proximate result of the aforementioned negligence, Plaintiff KONCILIA and his spouse, who were lawfully married at the time of the incident at issue, have been caused to suffer loss of consortium, care, affection, counsel, and services.

WHEREFORE, Plaintiff, JOSEPH M. KONCILIA, prays for judgment against Defendants KYLE GILLETT and all other Joint Venture Defendants in an amount in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00) that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described electric shock and for all other further relief the Court deems just and proper, together with the costs of this action.

## COUNT II

### PREMISES LIABILITY

COMES NOW Plaintiff, JOSEPH M. KONCILIA, by and through the undersigned counsel of record, and incorporates by reference as though fully set forth herein paragraphs 1 through 34, including subparts above, and further sets forth, states and avers as follows:

35. That at the time Plaintiff KONCILIA entered the Strother Sub-Station, the property and power generation facilities thereon were in a dangerous and defective condition for the work Plaintiff KONCILIA was tasked to perform by Defendants.

36. That the defective nature of the premises was a condition, in whole or in part, which was created by Defendant GILLETT and/or others acting in the course and scope of their employment with Defendants.

37. That Defendants knew or should have known that the premises was in a defective condition.

38. That Defendants failed to warn Plaintiff KONCILIA of such dangerous conditions.

39. That Defendants failed to guard Plaintiff KONCILIA, and others similarly situated, from the dangerous conditions.

40. That Defendants failed to repair or rectify such dangerous conditions.

41. That as a direct and proximate result of the negligence of Defendants, Plaintiff KONCILIA has been caused to experience and incur physical injury to his entire body, as well as medical expenses, loss of enjoyment of life, lost wages, disabilities, disfigurement, pain and suffering, and mental anguish, all in the past, and is reasonably likely to incur additional such damages in the future.

42. That as a direct and proximate result of the aforementioned negligence, Plaintiff KONCILIA, and his spouse, who were lawfully married at the time of the incident at issue, have been caused to suffer loss of consortium, care, affection, counsel, and services.

43. That as a direct and proximate result of the negligence of Defendants, Plaintiff KONCILIA has been caused to experience and incur physical injury to his entire body, as well as medical expense, loss of enjoyment of life, disabilities, disfigurement, pain and suffering, and mental anguish, all in the past, and is reasonably likely to incur additional such damages in the future.

WHEREFORE, Plaintiff, JOSEPH M. KONCILIA, prays for judgment against the Joint Venture Defendants in an amount in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00) together with all other relief that the Court deems just and proper, as well as his costs and expenses incurred in the prosecution of said claim.

## **DEMAND FOR TRIAL**

COMES NOW Plaintiff, JOSEPH M. KONCILIA, and, pursuant to K.S.A. 60-238, requests a trial by jury on all issues so triable.

Respectfully submitted,

**EDELMAN AND THOMPSON, L.L.C.**

*/s/ Elizabeth L. VanErem*
Elizabeth L. VanErem  KS Bar #27402
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
(816) 561-3400
(816) 561-1664 (Fax)
evanerem@etkclaw.com
ATTORNEY FOR PLAINTIFF