IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH M. KONCILIA,

Plaintiff,

v.                                                          Case No.  22-1062-JWB

SOUTHWEST POWER POOL, INC. et al.,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to remand.  (Doc. 17.)  The motion has been fully briefed and is ripe for decision.  (Docs. 18, 26, 29.)  The motion is GRANTED for the reasons stated herein.

**I.      Facts and Procedural History**

On March 23, 2020, Plaintiff Joseph Koncilia was working at the Strother Sub-Station, a power station in Winfield, Kansas.  (Doc. 1-2 at 5.)  At that time, he was employed by Electrical Reliability Services, Inc., and performing work on a transformer at the power station.  Defendant Gillett was also working at the station and employed by Defendant City of Winfield, Kansas ("Winfield").  Gillett was tasked with opening the transmission lines to ensure that the breaker was de-energized so that Plaintiff could perform his work safely.  Gillett allegedly told Plaintiff that the system was de-energized but he had actually failed to "open" necessary switches.  As a result, Plaintiff was electrocuted and suffered severe injuries.  (*Id.* at 7.)

1

Plaintiff filed a petition in state court alleging claims of negligence and premises liability against Gillett, Winfield, Gridliance High Plains LLC[1], Kansas Power Pool, and Southwest Power Pool, Inc. ("SPP").  Plaintiff alleges that Defendants were negligent by failing to take several actions with respect to the power station including failing to open the circuits, failing to properly inspect the system, failing to implement a proper switching order, failing to place proper warnings, and failing to monitor the project.  (*Id.*)  Plaintiff further alleges that the property and power generation facilities were in a dangerous and defective condition for the work Plaintiff was tasked to perform by Defendants.  (*Id.* at 8.)

With respect to the operation of the power station, Plaintiff alleges that Kansas Power Pool transferred functional control of Winfield's power generation facilities to the SPP, including the Strother Sub-Station, in 2011.  (*Id.* at 3.)  SPP is a regional transmission organization registered to do business in Kansas but is an Arkansas corporation with its principal place of business in Little Rock, Arkansas.  Defendant Kansas Power Pool is a municipal energy agency formed in 2005 in Kansas with its principal place of business in Wichita, Kansas.

Plaintiff alleges that Defendant SPP is liable because it had maintained functional operational control or a joint right of control over the Strother Sub-Station at the time of the events in the petition.  Plaintiff further alleges that this right of control was taken pursuant to "agreements and/or joint venture arrangements."  (*Id.* at 2.)

Defendant SPP removed the case to this court with permission of the other Defendants and alleged that this court has subject matter jurisdiction under 28 U.S.C. § 1331.[2]  (Doc 1 at 4.)  SPP's

---

[1] Defendant Gridliance is a foreign limited liability company which purchased a 65 percent interest in the electric utility assets and liabilities of Winfield.  Gridliance was recently dismissed from this action.  (Doc. 30.)

[2] SPP's notice of removal also asserted that this court has jurisdiction under 28 U.S.C. § 1332(c) as Plaintiff is a citizen of Missouri and Defendants are not citizens of Missouri.  (Doc. 1 at 5-6.)  In its response, however, SPP concedes that this court does not have jurisdiction on the basis of diversity because of the forum-defendant rule.  (Doc. 26 at 12); *see City of Albuquerque v. Soto Enters., Inc*., 864 F.3d 1089, 1096 n.11 (10th Cir. 2017) (quoting 28 U.S.C. § 1441(b)(2)).

notice of removal alleges that removal is proper because this action arises under the Federal Power Act, 16 U.S.C. § 825p and SPP's Membership Agreement, which is a part of SPP's tariff. (Doc. 1 at 4-5.) SPP further alleges that Plaintiff's claims are predicated on a duty allegedly contained in the Membership Agreement governing the relationship between SPP and its members, including Kansas Power Pool, or that the Membership Agreement created the alleged joint venture. SPP further alleges that its tariff (including the Membership Agreement) has the force and effect of federal law and this court will be required to interpret and construe the FERC approved tariff in evaluating Plaintiff's claims. (*Id.* at 5.) SPP also cites to a clause in the tariff providing immunity for damages to it if those damages arise out of services provided under the tariff when the damages occurred as a result of conditions beyond the control of the transmission provider. (*Id.*) After removing this action, SPP filed a motion to dismiss asserting that Plaintiff failed to state a claim and also asserting that amendment would be futile because it is immune from damages under the provisions in the tariff. (Doc. 11.)

Plaintiff now moves to remand this action to state court, arguing that this court lacks subject matter jurisdiction. In response, SPP argues that Plaintiff is relying on SPP's federally regulated tariff to establish that it owed a duty to Plaintiff. As such, SPP asserts that there is a substantial federal question that must be resolved by the court and jurisdiction is proper. Because the court finds that remand is required as this court lacks jurisdiction, it will not evaluate the merits of the motion to dismiss.

## II.    Standard

Under 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal

jurisdiction.  *Dutcher v. Matheson,* 733 F.3d 980, 985 (10th Cir. 2013). The party removing an

action to federal court has the burden to establish that federal jurisdiction exists.  *Id.*; *Christensen*

*v. BNSF Ry. Co.*, 242 F. Supp. 3d 1186, 1189 (D. Kan. 2017). "Doubtful cases must be resolved

in favor of remand."  *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan.

1999).

## III.    Analysis

Under § 1331, federal district courts have "original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine

whether [a] claim arises under federal law, [courts] examine the 'well[-]pleaded' allegations of the

complaint and ignore potential defenses...." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6

(2003); *accord Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006).  Under this

standard, "a suit arises under federal law 'only when the plaintiff's statement of his own cause of

action shows that it is based' on federal law." *Devon Energy Prod. Co., L.P. v. Mosaic Potash*

*Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012).  This rule "makes the plaintiff the master of

the claim" and, "by omitting federal claims," Plaintiff can almost "guarantee an action will be

heard in state court."  *Id.* (citations and quotations omitted).

Here, Plaintiff's claims are based entirely on state law.  Plaintiff's claims do not make any

allegations that a federal law was violated based on the alleged negligent acts by Defendants.

Therefore, from the face of the petition, the claims are not based on federal law.

SPP argues that removal is proper under the substantial question test in *Grable & Sons*

*Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).  The test applies when a plaintiff's

"claim is pleaded under state law but invokes a substantial federal question such that the ostensible

state-law claim can be considered to arise under federal law for jurisdictional purposes."

*Robertson v. Big Blue Healthcare, Inc.*, 523 F. Supp. 3d 1271, 1286 (D. Kan. 2021) (citing *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014)).  "[T]his branch of arising-under jurisdiction is a slim one" and requires a federal question to be an essential element of a plaintiff's claim.  *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012).  Under this test, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Here, while SPP has cited the factors, SPP makes little effort to demonstrate that Plaintiff's claims invoke a substantial federal question.  Rather, SPP places much significance on its tariff.  SPP has filed its tariff with the Federal Energy Regulatory Commission ("FERC") in accordance with the Federal Power Act ("FPA"), 16 U.S.C. § 824d, and FERC regulations.  (*See* Doc. 26 at 2, n. 1.)  This court has recognized that FERC filed tariffs are equivalent to a federal regulation.  *See Praire Horizon Agri–Energy, LLC v. Tallgrass Interstate Gas Transmission, LLC*, Case No. 14-1236, 2014 WL 7384767, *2 (D. Kan. Dec. 29, 2014) (quoting *City of Chanute v. Kansas Gas and Elec. Co.*, Case No. 06-4096, 2007 WL 1041763 (D. Kan. Apr. 4, 2007)).  However, as the Supreme Court has consistently recognized, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813.  Moreover, a federal defense cannot be the basis for federal question jurisdiction "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Becker*, 770 F.3d

at 947 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).  As such, the fact that SPP

intends to assert immunity under its tariff cannot be the basis for the court to assert jurisdiction.[3]

In claiming that a substantial federal question is at issue in Plaintiff's claims, SPP argues

that Plaintiff must show that SPP had a duty in order to succeed on his claims and that the duty

must come from its tariff.  Plaintiff's petition alleges that SPP had control over the station due to

agreements it had with the other Defendants but Plaintiff's allegations are silent as to the nature of

those alleged agreements.

In *Prairie Horizon Agri-Energy, LLC v. Tallgrass Interstate Gas Transmission, LLC*, this

court previously held that a substantial federal question was at issue when the complaint alleged

that the tariff created the duty and obligation, and the tariff's provision regarding the same was

ambiguous which required the court to construct the tariff in order to determine "what duty or

obligation was owed by defendant."  No. 14-1236-JTM, 2014 WL 7384767, at *3 (D. Kan. Dec.

29, 2014).  Here, Plaintiff alleges that SPP had control of the power station by virtue of agreements

or joint venture but does not provide any factual allegations regarding the same.  In response to

the motion to dismiss, Plaintiff cites to SPP's statements in a letter, not in the tariff, in support of

his position that SPP had control over the power station.  Plaintiff's complaint then sets forth

several acts of negligence by Defendants in operating the power station such as failing to inspect

the system, failing to open the circuits and de-energize the system, and failing to implement and/or

follow a proper switching order.  (Doc. 1-2 at 7.)  SPP does not argue that these alleged duties of

care come from the tariff.

Although SPP argues that application of the tariff will be a substantial issue in this case, it

is unclear as SPP fails to identify the provisions at issue or explain whether those provisions will

---

[3] SPP's argument that the tariff, by itself, cannot create a joint venture is also a defense to the claims.

be disputed.  Although Plaintiff's petition is not a model of clarity, it clearly does not reference SPP's tariff.  Moreover, Plaintiff acknowledges that SPP has a FERC-filed tariff and explicitly states that he accepts the terms and conditions of the tariff.  (Doc. 29 at 3.)

In *Estate of Kelly Unruh v. Premier Hous. Inc*., this court distinguished the holding of *Prairie Horizon*.  Case No. 16-1262, 2017 WL 235046, at *1 (D. Kan. Jan. 19, 2017).  In *Unruh*, the plaintiffs brought state law tort claims based on the defendants' failure to include odor additives in natural gas as required by federal regulations.  *Id.*  The case was filed in this court and the plaintiffs asserted that there was a substantial federal question such that this court had subject matter jurisdiction.  The court disagreed.  Although there were regulations regarding odorizer and a tariff issued to one defendant which allegedly limited the requirement to add odorizer, the court found that the federal questions were not central issues in the case.  With respect to the tariff, the court noted that the complaint did not mention the tariff and its application was a hypothetical one. *Id.* at *5.  The court explained that the federal question in *Prairie Horizon* was substantial because the tariff was "the central issue in the case, and its construction was the subject of active contention between the parties."  *Id.* at *4.  As in *Unruh*, SPP has failed to meet its burden to show that a substantial federal question is at issue.  Based on the petition, there is no indication that the tariff will be a central issue in this case.  Moreover, Plaintiff does not dispute the validity of the tariff nor is there any indication that the construction of the tariff will be in dispute.

The "substantial question branch of federal question jurisdiction is exceedingly narrow— a special and small category of cases."  *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal citations and quotations omitted).  SPP fails to cite to relevant authority to support that the court should exercise jurisdiction in this case under this exceedingly narrow avenue.  SPP's arguments that it is entitled to immunity and that the membership agreement cannot

create a joint venture are defenses to the claim and not sufficient to support federal jurisdiction. *Robertson*, 523 F. Supp. 3d at 1287.

In sum, SPP has failed to meet its burden to show that a substantial federal question is at issue here.

## IV.    Conclusion

Plaintiff's motion to remand (Doc. 17) is GRANTED.   This matter is remanded to Sedgwick County District Court.

IT IS SO ORDERED.  Dated this 9th day of December 2022.

        ___s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE